## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Paul Kirby, | Case No. 0:22-cv-3155 (KMM) |
| Appellant, | |
| v. | **ORDER** |
| Zakaria Mohamed, | |
| Appellee. | |

This matter is before the Court on Jeremy Paul Kirby's emergency motion for expedited relief, seeking (1) to have this Court stay or enjoin enforcement of the Bankruptcy Court order from which he appeals, and (2) to file an oversized reply brief in the underlying appeal. For the reasons described below, the Court **DENIES** Mr. Kirby's Emergency Motion to Stay or Enjoin and **GRANTS** Mr. Kirby's Motion for Leave to File an Oversize Brief.

### BACKGROUND

The underlying proceedings concern a dispute between a property manager, Appellee Zakaria Mohamed, and Mr. Kirby, his tenant. Mr. Kirby has rented a property from Mr. Mohamed since September 2020 on a month-to-month tenancy with rent of $1,600 per month. [Dkt. No. 27.] Mr. Mohamed contends that Mr. Kirby stopped paying rent in November 2022. [*Id.*] When Mr. Kirby filed for bankruptcy, the automatic stay pursuant to 11 U.S.C. § 362 was imposed, preventing Mr. Mohamed from bringing an

eviction action or otherwise attempting to repossess the property. [*Id.*]  Mr. Mohamed moved the Bankruptcy Court to lift the automatic stay on the grounds that Mr. Kirby owed him rent, Mr. Kirby did not have equity in the property, and the property was not an asset of the bankruptcy estate.  [*Id.*]  Judge Ridgway found that grounds existed under 11 U.S.C. § 362(d) to warrant relief and terminated the automatic stay with respect to the property at issue, allowing Mr. Mohamed to "exercise his rights and remedies under applicable nonbankruptcy law" regarding the property.  [Dkt. No. 1–3.]  *See also* 11 U.S.C. § 362(d) (allowing a court to grant relief from the automatic stay due to a "lack of adequate protection of an interest in property" or if "the debtor does not have an equity in such property" and the "property is not necessary to an effective reorganization"). That bankruptcy order lifting the automatic stay to permit Mr. Mohamed to pursue an eviction action is the order from which Mr. Kirby appeals to this Court.

The Court set a briefing schedule for the appeal.  [Dkt. No. 21.]  Mr. Kirby filed his opening brief on April 28, [Dkt. No. 22,] Mr. Mohamed filed an answering brief on May 26, [Dkt. No. 27,] and Mr. Kirby's reply brief is due Friday, June 9.[1]

On June 1, Mr. Kirby filed an emergency motion seeking to have this Court stay the Bankruptcy Court's Order pending his appeal or enjoin Mr. Mohamed "from taking any action to interfere with the possession" of Mr. Kirby's residence.  [Dkt. No. 29.]  Mr.

---

[1] As Mr. Mohamed has not opposed Mr. Kirby's request to file an oversized reply brief, the Court in its discretion grants that request.

Kirby explains that an eviction proceeding is pending and a judgment could issue as early as June 2 that would moot this appeal.  [*Id.*]  Mr. Mohamed opposes the motion seeking a stay or injunction.

**DISCUSSION**

The Court assesses its authority to stay the bankruptcy court order or enjoin Mr. Mohamed from taking action to evict Mr. Kirby under the traditional principles governing emergency relief.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 112 (8th Cir. 1981) (listing four factors to be weighed by the court in ruling on a request for a preliminary injunction); *In re Ross*, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998) (describing the same factors for a party seeking a stay of a bankruptcy order pending appeal).  "In bankruptcy cases, as in all cases," these factors require the moving party to demonstrate that (1) it is likely to succeed on the merits, (2) it will suffer irreparable harm unless the relief is granted, (3) no substantial harm will come to other interested parties, and (4) the relief is in the public interest.  *Lithograph Legends, LLC v. U.S. Tr.*, No. 09-CV-943 (JMR), 2009 WL 1209469, at *2 (D. Minn. Apr. 30, 2009).  The movant must establish these factors by a preponderance of the evidence.  *In re Ross*, 223 B.R. at 703.  While "no single factor is determinative, the probability of success factor is the most significant."  *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (quotation omitted).

Without wading too far into the merits of Mr. Kirby's pending appeal, the Court finds that the low likelihood of success on the merits is fatal to Mr. Kirby's request for

emergency relief.  Under 11 U.S.C. § 362(c)(2), the automatic stay in a chapter 7 bankruptcy proceeding concerning an individual ends at "the time a discharge is granted or denied."  On January 9, 2023, the Bankruptcy Court granted a discharge to Mr. Kirby under 11 U.S.C. § 727.  [Dkt. No. 40 in Case No. 22-br-41692.]  Therefore, the Court finds that Mr. Kirby is unlikely to succeed in the merits of his appeal—in which he seeks review of or relief from the order terminating the stay—because the automatic stay has already been terminated as a matter of law when the debt was discharged in January.  Without ruling on the merits, the Court predicts that Mr. Kirby's appeal is likely moot, and therefore he has a very low likelihood of success on the merits.

The irreparable harm factor is more complex.  The Court has considered Mr. Kirby's declaration, in which he describes the irreparable harm that will result if he is evicted from his home, such as that he will lose shelter and access to cooking facilities, and he will be unable to adequately provide for his medical care.  [Dkt. No. 30.]  Mr. Kirby provided extensive evidence documenting his significant medical conditions.  [*Id.*] The gravity of this situation is not lost on this Court, and the Court understands the harm Mr. Kirby will likely experience as a result of any eviction order.  *But see In re Stephens*, No. ADV 04-3468 DDO, 2012 WL 1899721, at *2 (D. Minn. May 24, 2012) (finding no irreparable harm and declining to stay an order authorizing selling a property because the moving party could not show they "have a protectable interest" in the property).  And while the Court is certainly sympathetic to the situation Mr. Kirby is in, it also notes for

4

purposes of considering the balance of harms that Mr. Mohamed, who owns the property at issue, has not received a rent payment since November 2022 and would be harmed if the Court enjoined him from any attempt to repossess his property.  More importantly, the arguments Mr. Kirby makes about the merits and equities of his possible eviction are appropriately made to the Court handling that proceeding, not to this Court.  *See* Minn. Stat. § 504B.345, subd. 1(d) (allowing a state court to allow a tenant a reasonable period of time, up to one week, in which to move if the tenant can show that immediate eviction would cause hardship).

For these reasons, the Court denies Mr. Kirby's motion for an emergency stay or injunction.

**IT IS HEREBY ORDERED:**

1.  Mr. Kirby's Emergency Motion for a stay or injunction is **DENIED**.

2.  Mr. Kirby's Motion to File an Oversize Brief is **GRANTED.**

Date: June 1, 2023                                                                  s/ *Katherine Menendez*

Katherine Menendez
United States District Judge