# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jeremy Paul Kirby,                                      Case No. 0:22-cv-3155 (KMM)

          Appellant,

v.                                                                              **ORDER**

 Zakaria Mohamed,

          Appellee.

Jeremy Paul Kirby appeals the order entered by United States Bankruptcy Court Judge Michael E. Ridgway, dated December 8, 2022, terminating the automatic stay in Mr. Kirby's Chapter 7 bankruptcy proceeding with respect to the property Mr. Kirby rented from Appellee Zakaria Mohamed. [Dkt. No. 1–3.] For the reasons described below, the Court **DISMISSES** the appeal.

## BACKGROUND

Mr. Kirby filed for Chapter 7 bankruptcy in October 2022. [Dkt. No. 1–4.] Mr. Kirby rented a property from Mr. Mohamed starting in September 2020 on a month-to-month tenancy. [Dkt. No. 27.] Mr. Kirby owed $1,600 in rent each month, but he stopped paying rent in July 2022. [*Id.*] When Mr. Kirby filed for bankruptcy in October 2022, the automatic stay pursuant to 11 U.S.C. § 362 went into effect, preventing Mr. Mohamed from bringing an eviction action or otherwise attempting to repossess the property. [*Id.*]

Mr. Mohamed moved the Bankruptcy Court to lift the automatic stay with respect to the property on the grounds that Mr. Kirby owed him rent, Mr. Kirby did not have equity in the property, and the property was not an asset of the bankruptcy estate. [*Id.*] Mr. Kirby

1

opposed the motion, principally arguing that Mr. Mohamed lacked standing to bring the motion because, according to Mr. Kirby, the true landlord of the property was not Mr. Mohamed but rather Mr. Mohamed's company, Sigma Holding Investment, Inc.

After a hearing in December 2022, Judge Ridgway granted Mr. Mohamed's motion seeking relief from the automatic stay. Judge Ridgway rejected Mr. Kirby's standing argument for several reasons. First, Mr. Mohamed was listed as the manager of the property on the lease. [Dkt. No. 7 at 10.] Second, Mr. Mohamed's signature appeared on all the lines where the word "landlord" appeared. [*Id.*] Third, Mr. Mohamed was the endorsee on all of Mr. Kirby's rent checks, even though the checks were made out to "Sigma Holding Investment Inc." [*Id.*] Fourth, Mr. Mohamed was listed as the CEO of Sigma Holding Investment, Inc. on Minnesota business filings, and the LLC's registered address is Mr. Mohamed's home address. [*Id.*] Finally, in Mr. Kirby's filings for his bankruptcy, he listed both Mr. Mohamed and also Sigma Holding as creditors, recognizing both of them. [*Id.* at 11.] Judge Ridgway found it evident that Mr. Mohamed was the owner of the property and had the requisite standing for the motion.

On the merits, Judge Ridgway determined that Mr. Mohamed was entitled to relief from the automatic stay under both 11 U.S.C. §§ 362(d)(1) and (d)(2). Section 362(d)(1) allows the Bankruptcy Court to grant relief from the automatic stay "for cause." Judge Ridgway concluded that cause existed because Mr. Kirby failed to make regular payments under the terms of the lease agreement. [Dkt. No. 7 at 11 (citing *In re Martens*, 331 B.R. 395, 398 (8th Cir. BAP 2005) and *In re Borm*, 508 B.R. 104, 106 (8th Cir. BAP 204).] Section 362(d)(2) directs the Bankruptcy Court to grant relief from the automatic stay with respect to a property if the

debtor "does not have an equity" in the property, and the property "is not necessary to an effective reorganization." Judge Ridgway concluded that Mr. Kirby did not have equity in the property and, because he filed for Chapter 7 bankruptcy, the leased property was not necessary for an effective reorganization as a matter of law. [Dkt. No. 7 at 12 (citing *In re Gess*, 526 B.R. 798, 802 (8th Cir. BAP 2015).]

The result of Judge Ridgway's order was that the automatic stay was lifted with respect to the property at issue, allowing Mr. Mohamed to "exercise his rights and remedies under applicable nonbankruptcy law" regarding the property. [Dkt. No. 1–3.] That bankruptcy order lifting the automatic stay to permit Mr. Mohamed to pursue an eviction action is the order from which Mr. Kirby appeals to this Court. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a), which vests district courts with jurisdiction to hear appeals from final orders of the Bankruptcy Court.

This Court set a briefing schedule for the appeal. [Dkt. No. 21.] Mr. Kirby filed his opening brief on April 28. [Dkt. No. 22.] The thrust of Mr. Kirby's argument on appeal is again that Mr. Mohamed did not have standing to seek relief from the stay. He also argues that Judge Ridgway committed other errors. [*See id.*] Mr. Mohamed filed an answering brief on May 26, contending that the Bankruptcy Court did not err in granting the motion, and also arguing that the appeal is moot. [Dkt. No. 27.]

Although Mr. Kirby did not file a reply brief, he filed two emergency motions for expedited relief. On June 1, Mr. Kirby filed an emergency motion seeking to have this Court stay the bankruptcy order pending his appeal or enjoin Mr. Mohamed "from taking any action to interfere with the possession" of Mr. Kirby's residence. [Dkt. No. 29.] In his motion, Mr.

Kirby explained that an eviction proceeding was pending, and a judgment could issue in that proceeding as early as June 2 that would moot this appeal.  [*Id.*]  Mr. Mohamed opposed the motion.

In an order dated June 1, 2023, the Court denied the emergency motion.  [Dkt. No. 33.]  Applying the traditional principles governing emergency relief, the Court reasoned that Mr. Kirby had a low likelihood of success on the merits of his appeal.  The automatic stay in an individual's chapter 7 bankruptcy proceeding ends when a discharge is granted or denied, 11 U.S.C. § 362(c)(2), and the Bankruptcy Court discharged Mr. Kirby in January 2023.  [Dkt. No. 40 in Case No. 22-br-41692.][1]

Mr. Kirby's second emergency motion is a motion for reconsideration, asking this Court to reconsider its decision in light of manifest errors of law that Mr. Kirby alleges the Court made.  [*See* Dkt. Nos. 34, 35.]

**STANDARD OF REVIEW**

A bankruptcy court's decision to lift an automatic stay pursuant to 11 U.S.C. § 362(d) is discretionary; a district court may only overturn the decision for abuse of discretion.  *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012) (citing *In re Wiley*, 288 B.R. 818, 821 (8th Cir. BAP 2003)).

**DISCUSSION**

The Court finds two reasons to dismiss Mr. Kirby's appeal of the bankruptcy order lifting the stay.  The first is that the discharge entered by the Bankruptcy Court in January 2023

---

[1]   This essentially ends the bankruptcy matter.  There have been no filings on the docket since January, and the only thing preventing the Bankruptcy Court from issuing a final notice and closing the case is this appeal.

renders Mr. Kirby's appeal moot.[2]  Upon the filing of a bankruptcy petition, an automatic stay

shields debtors from certain actions by creditors.  *See generally* 11 U.S.C. § 362(a).  But that stay

expires as a matter of law upon the bankruptcy court discharging the Chapter 7 debtor.  *Id.* at

§ 362(c)(2)(c); *see also In re Doughty*, 609 B.R. 203, 207 (B.A.P. 8th Cir. 2019).

By appealing Judge Ridgway's order lifting the automatic stay with respect to Mr.

Mohamed's property, Mr. Kirby seeks to return to the status quo before Mr. Mohamed's

motion was granted—that is, when the automatic stay pursuant to 11 U.S.C. § 362 was

effectively shielding him from eviction.  "But because the bankruptcy court's entry of a

discharge removes the shield of an automatic stay by operation of the law, the status quo can

no longer be reinstated."  *Askri v. Specialized Loan Servicing LLC*, No. 1:22-cv-00231-MSN-

IDD, 2023 WL 2089242, at *2 (E.D. Va. Feb. 17, 2023) (collecting cases where courts have

concluded that appeals of bankruptcy orders granting relief from the automatic stay are

mooted by the debtor's discharge).

Further, it is clear that the primary reason Mr. Kirby contested the lifting of the

automatic stay was to delay or stop eviction proceedings.  However, the Court takes judicial

notice of filings in Mr. Mohamed's state-court eviction proceedings against Mr. Kirby.  *See*

*Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010) (recognizing that it is proper for

district courts to take judicial notice of state court proceedings when they are relevant to issues

in federal court); *see also Myers v. Long*, No. CIV 12-4125, 2013 WL 820788, at *2 (D.S.D. Mar.

5, 2013) (taking judicial notice of proceedings in underlying state court eviction action

---

[2]      The Court has considered the arguments advanced by Mr. Kirby in his second
emergency motion but concludes that those arguments do not alter its finding that the
bankruptcy court's entry of discharge mooted this appeal.

involving parties). The state court entered judgment in favor of Mr. Mohamed for recovery of the premises on June 2, 2023. The court then issued a Writ of Recovery of the Premises on June 12, 2023, ordering the sheriff to remove Mr. Kirby from the premises. *See Mohamed v. Kirby*, Case. No. 27-CV-HC-23-1334 (Minn. D. Ct., Hennepin Cnty.) Because the debtor has already been evicted, his appeal of the order granting relief from the automatic stay for the landlord to pursue eviction is also moot for that reason. *See, e.g.*, *In re Watkins*, No. 06-CV-1341 (DGT), 2008 WL 708413, at *2 (E.D.N.Y. Mar. 14, 2008) (holding same).

The Bankruptcy Appellate Panel of the Eighth Circuit has found appeals of bankruptcy orders granting relief from the automatic stay to be moot where the underlying property was sold in a foreclosure sale and the debtor was subsequently evicted. *See In re Marshall*, 595 B.R. 269, 271 (B.A.P. 8th Cir. 2019) (collecting cases). The Bankruptcy Code appears to afford owners more latitude to protect their property interests than renters. *See, e.g.*, 11 U.S.C. § 362(d)(2)(A) (allowing the debtor to avoid the lifting of the automatic stay if the debtor has equity in the property). As a result, the court's reasoning in *In re Marshall* and the other sale-of-property cases it cites applies with even more force to the facts here, where Mr. Kirby was renting the property and subsequent events have resulted in him no longer residing in the property. *See In re Watkins*, 2008 WL 708413, at *3.

But even if this case weren't moot, the Court would still dismiss the appeal because the Bankruptcy Court did not abuse its discretion in granting Mr. Mohamed relief from the automatic stay to pursue eviction. The Bankruptcy Court's conclusion that relief from the stay was warranted under both 11 U.S.C. §§ 362(d)(1) and (d)(2) is reasonable. Section 362(d)(2) permits the Bankruptcy Court to lift the stay with respect to property if the debtor doesn't

have equity in it, and the property isn't necessary to reorganization.  Because Mr. Kirby rented

the property from Mr. Mohamed, Mr. Kirby did not have equity in it.  And because Mr. Kirby

filed for Chapter 7, there is no reorganization at stake.  *See In re Sanabria,* 317 B.R. 59, 61

(B.A.P. 8th Cir. 2004) (affirming bankruptcy order terminating the automatic stay with respect

to property because debtor filed for bankruptcy under Chapter 7, so no reorganization is

involved); *see also McCuskey v. Cent. Trailer Servs., Ltd.*, 37 F.3d 1329, 1333 (8th Cir. 1994)

(explaining that creditors get relief through reorganization in Chapter 11 and through

liquidation in Chapter 7).  The Bankruptcy Court did not abuse its discretion in finding that

lifting the stay with respect to Mr. Mohamed's property was warranted pursuant to 11 U.S.C.

§ 362(d)(2).[3]

 **IT IS HEREBY ORDERED:**

 1. Mr. Kirby's Emergency Motion for Reconsideration [Dkt. No. 34] is

 **DENIED**.

 2. Mr. Kirby's appeal of the bankruptcy order is **DISMISSED.**

Date: August 18, 2023  *s/ Katherine Menendez*

 Katherine Menendez
 United States District Judge

---

[3]  Because the Bankruptcy Court concluded that §§ 11 U.S.C. § 362(d)(1) and (d)(2)
provided alternate grounds for granting Mr. Mohamed's motion, and this Court affirms the
finding as to § 362(d)(2), it need not also consider 11 U.S.C. § 362(d)(1).